**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

**CASE NO:**

PHELIPE CASTRO, and all others similarly
situated pursuant to 29 U.S.C. § 216(b),

    Plaintiff(s),
v.

MEDICARE DIRECT, LLC,

    Defendant
_____/

**COLLECTIVE ACTION COMPLAINT FOR DAMAGES
AND DEMAND FOR JURY TRIAL**

Plaintiff, PHELIPE CASTRO ("Plaintiff") on behalf of himself and all others similarly situated, pursuant to 29 U.S.C. § 216(b), files this Collective Action Complaint for Damages and Demand for Jury Trial against Defendant, MEDICARE DIRECT, LLC ("Defendant"), and alleges the following:

**INTRODUCTION**

1. During periods within the past 3 years, Defendant has intentionally and willfully misclassified its Insurance Sales Agents as independent contractors to avoid federal overtime wage obligations and federal tax liabilities. Defendant failed to pay Plaintiff and all other similarly situated Insurance Sales Agents applicable federal overtime wages pursuant to the Fair Labor Standards Act ("FLSA") during various workweeks within the previous three (3) years when these Insurance Sales Agents worked more than 40 hours in a workweek. This action arises under the FLSA, pursuant to 29 U.S.C. §§ 201–216, to recover all federal overtime wages that Defendant refused to pay Plaintiff and all other similarly situated Insurance Sales Agents.

**PARTIES**

2. During all times material hereto, Plaintiff was a resident of Indian River County, Florida, over the age of 18 years, and otherwise *sui juris.*

3. During all times material hereto, Defendant was a Florida limited liability company located and transacting business within Palm Beach County, Florida, within the jurisdiction of this Honorable Court. Based on publicly available information, all of the individual officers of Defendant reside on the State of Florida as well.

4. Defendant is headquartered at 8200 Jog Road #203, Boynton Beach, Florida 33472.

5. Defendant can be served through its registered agent Jaclyn B. Smoke, at the following address: 16905 Pierre Circle, Delray Beach, Florida 33446.

6. During all times material hereto, Defendant was vested with control and decision-making authority over the scheduling, hiring, firing, day-to-day operations, and pay practices that pertained to Plaintiff and the collective.

7. During all times material hereto Defendant also managed and controlled Plaintiff and administered Defendant's pay practices.

8. Defendant was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

**JURISDICTION AND VENUE**

9. All acts and/or omissions giving rise to this dispute took place within Palm Beach County, Florida, which falls within the jurisdiction of this Honorable Court.

10. Defendant regularly transacts business in Palm Beach County, Florida, at 8200 Jog Road #203, Boynton Beach, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

11. Venue is also proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1391(b).

## PLAINTIFF'S WORK FOR DEFENDANT

12. Defendant operates a direct contracting Medicare company that is based out of Delray Beach, Florida.

13. Defendant's direct contracting Medicare company provides customers with several insurance plan options, and then enrolls them in a suitable option that meets the customer's needs.

14. Defendant hired Plaintiff to work as an Insurance Sales Agent to support its Boynton Beach, Florida, location in late July 2022.

15. At the inception of Plaintiff's employment, the Defendant misclassified Plaintiff as an independent contractor to avoid federal overtime wage obligations and to further avoid federal tax liabilities.

16. During Plaintiff's employment the Defendant maintained direct control and supervision of the work performed by Plaintiff and the collective.

17. The primary duty of Plaintiff and the collective during their employment period was to sell a variety of Medicare plans to Defendant's customers.

18. Defendant required Plaintiff and the collective to utilize and not deviate from certain scripts during sales calls.

19. In light of the requirement that Plaintiff and the collective utilize a script, Plaintiff and the collective were not required to possess a specialized skill in order to perform their primary duties.

20. Defendant retained control and supervision of Plaintiff and the collective's work schedules.

21. The insurance sales work performed by Plaintiff and the collective was essential and critical to the success of Defendant's operation.

22. Work performed by Plaintiff and the collective was continuous and not sporadic.

23. The economic realities of the work relationship between Plaintiff and the collective and Defendant demonstrate that Plaintiff and the collective were employees and not independent contractors.

24. During his employment period, Plaintiff regularly worked between fifty (50) and sixty (60) hours per week.

25. Defendant paid Plaintiff a regular hourly rate of $20.00 per hour.

26. Defendant additionally paid Plaintiff a non-discretionary commission rate of $50.00 per sale.

27. During the past 3 years, Defendant did not pay Plaintiff, or any other similarly situated Insurance Sales Agent, all federal overtime wages owed when Insurance Sales Agents worked more than forty (40) hours per week.

28. Plaintiff's last day working for Defendant was on or about January 6, 2023.

### THE FEDERAL OVERTIME COLLECTIVE IS COMPRISED OF MISCLASSIFIED INSURANCE SALES AGENTS

29. During the previous three (3) years, Defendant enacted and enforced a company-wide policy in which it misclassified Plaintiff and other similarly situated Insurance Sales Agents as independent contractors in an effort to avoid federal overtime wage obligations and federal tax liabilities.

30. Defendant implemented and enforced this company-wide policy against Plaintiff and similarly situated Insurance Sales Agents regardless of their physical location in Florida.

31. Defendant required Plaintiff and similarly situated Insurance Sales Agents to work more than 40 hours in a workweek without compensating them the proper federal overtime wages.

32. During the previous three (3) years, Defendant failed to pay all federal overtime wages owed to Insurance Sales Agents when they worked more than 40 hours in a workweek.

33. Defendant required the Insurance Sales Agents to all provide weekly reports to its headquarters in Delray Beach, Florida.

34. Accordingly, Plaintiff seeks to represent the following collective of similarly situated employees:

> **All Insurance Sales Agents employed by Defendant in Florida during the previous 3-years who were misclassified as independent contractors and worked more than 40 hours in a workweek.**

35. Collective members are treated equally and similarly in that they were misclassified as independent contractors and denied proper federal overtime wages as a result of Defendant's unlawful policy which fails to compensate non-exempt Insurance Sales Agents statutory overtime wages when they work more than forty (40) hours per week.

36. Defendant's pay policies uniformly lead to overtime wage violations with respect to each and every Insurance Sales Agent who worked in excess of forty (40) hours per week.

37. Defendant has employed dozens of Insurance Sales Agents throughout Florida who were not paid federal overtime wages in accordance with the FLSA and pertinent federal regulations.

38. Plaintiff and the collective members were subjected to the same employment policies during the previous three (3) years.

## THE NON-DISCRETIONARY COMMISSION COLLECTIVE

39. During the previous three (3) years, Defendant enacted and enforced a company-wide incentive program which provided non-discretionary commissions to Plaintiff and other similarly situated Insurance Sales Agents in an effort to encourage and increase work productivity and sales.

40. Defendant implemented this non-discretionary commission incentive to Plaintiff and similarly situated Insurance Sales Agents to induce them to work more steadily, more rapidly, and to make more sales.

41. The non-discretionary commission paid to Plaintiff and similarly situated Insurance Sales Agents was based upon the number of sales generated by these employees.

42. The non-discretionary commissions paid to Plaintiff and similarly situated Insurance Sales Agents under this incentive program were required to be included in the calculation of Insurance Sales Agents' regular hourly rates to determine the applicable overtime wage premium. *See* 29 C.F.R. § 778.211.

43. During the previous three (3) years, Defendant failed to include non-discretionary commissions when calculating regular hourly rates for Insurance Sales Agents when they worked more than 40 hours in a workweek.

44. Accordingly, Plaintiff seeks to represent the following collective of similarly situated employees:

> **All Insurance Sales Agents employed by Defendant in Florida during the previous 3-years who worked more than 40 hours in a workweek and whose non-discretionary commissions were not included to compute the proper overtime wage premium.**

45. Collective members are treated equally and similarly in that they were denied proper federal overtime wages as a result of Defendant's unlawful policy which failed to

compensate non-exempt Insurance Sales Agents statutory overtime wages when they worked more than forty (40) hours per week and received non-discretionary commissions.

46. Defendant's pay policies uniformly lead to overtime wage violations with respect to each and every Insurance Sales Agent who worked in excess of forty (40) hours per week and also earned a non-discretionary commission.

47. Defendant has employed dozens, and potentially hundreds, of Insurance Sales Agents throughout Florida who were not paid overtime wages in accordance with the FLSA and pertinent federal regulations.

48. Plaintiff and the collective members were subjected to the same employment policies during the previous three (3) years.

## **FLSA COVERAGE**

49. Defendant is covered under the FLSA through enterprise coverage, as Defendant was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, Defendant engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. Defendant's business and Plaintiff's work for it affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

50. During his employment with Defendant, Plaintiff, and various other similarly situated employees handled and worked with various goods and/or materials that moved through interstate commerce, including, but not limited to the following: cell phones, telephones, extension cords, pencils, pens, paper, tape, keyboards, computers, cables, stamps, markers, staplers, staples, invoices, head sets, extension cords, masks, boxes, envelopes, hand sanitizer, etc.

51. Defendant also regularly employed two (2) or more employees for the relevant time period, who handled the same or similar goods and materials handled by Plaintiff, thus making Defendant's business an enterprise covered by the FLSA.

52. Defendant grossed or did business in excess of $500,000.00 in the years 2020, 2021, 2022, and is expected to gross in excess of $500,000.00 in the year 2023.

53. During his employment with Defendant, Plaintiff was regularly and recurrently engaged in an instrumentality of interstate commerce and subject to individual coverage, as that term is defined by the FLSA. More specifically, Plaintiff used the interstate telephone system to regularly and recurrently speak with Defendant's customers who, at times, resided outside of the state of Florida over the phone. Plaintiff also regularly and recurrently sent and received correspondences to and from Defendant's customers and potential customers outside of Florida during his employment period.

54. During his employment with Defendant, Plaintiff (i) performed non-exempt work; (ii) did not have supervisory authority over any individuals; (iii) did not make any decisions of importance on behalf of Defendant, and (iv) was not required to possess any advanced training, skill, or prolonged education in order to perform any of her primary duties and responsibilities.

55. During all material times hereto, Plaintiff was a non-exempt employee of Defendant, within the meaning of the FLSA.

### COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – 29 U.S.C. § 207
**(Misclassified Employee Collective)**

56. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 55 as though set forth fully herein.

57. Plaintiff alleges this Collective Action Complaint pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

58. Plaintiff intends to seek conditional certification of a Misclassified Employee Collective ("MEC").

59. Defendant failed to compensate Insurance Sales Agents (including Plaintiff) when Defendant required these Insurance Sales Agents to work more than 40 hours in a workweek during the previous three (3) years.

60. Defendant refused to pay Plaintiff and all other similarly situated Insurance Sales Agents one-and-one-half times the applicable regular hourly rate for all hours worked over forty (40) in one or more weeks of their employment.

61. Plaintiff seeks certification under 29 U.S.C. § 216(b) of the following similarly situated Collective for Defendant's failure to pay overtime wages:

> **All Insurance Sales Agents employed by Defendant in Florida during the previous 3-years who were misclassified as independent contractors and worked more than 40 hours in a workweek.**

62. Plaintiff claims the applicable federal overtime wage rate for all of the unpaid hours over forty (40) that he worked during his employment period.

63. Defendant willfully and intentionally refused to pay Plaintiff and the collective federal overtime wages as required by the FLSA, as Defendant knew or should have known of the FLSA's overtime wage requirements and disregarded same. Defendant indicated its knowledge and awareness of wage and hour requirements but nevertheless refused to comply with these requirements.

64. Defendant's willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

65. Moreover, because of Defendant's willful and/or intentional violations of the FLSA, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

WHEREFORE, Plaintiff, PHELIPE CASTRO, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, MEDICARE DIRECT, LLC, and award Plaintiff: (a) unliquidated damages; (b) liquidated damages; (c) reasonable attorney's fees and costs; and any and all such further relief as may be deemed just and reasonable under the circumstances.

### COUNT II - FEDERAL OVERTIME WAGE VIOLATIONS – 29 U.S.C. § 207
**(Non-Discretionary Commission Collective)**

66. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 55 as though set forth fully herein.

67. Plaintiff alleges this Collective Action Complaint pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

68. Defendant failed to include non-discretionary commissions paid to Insurance Sales Agents (including Plaintiff) when Defendant was required to pay overtime wage premiums during the previous three (3) years.

69. Defendant improperly calculated overtime wage premiums during all times material hereto.

70. Defendant refused to pay Plaintiff and all other similarly situated Insurance Sales Agents one-and-one-half times the proper regular hourly rate for all hours worked over forty (40) in one or more weeks of their employment.

71. Plaintiff seeks certification under 29 U.S.C. § 216(b) of the following similarly situated Collective for Defendant's failure to pay overtime wages:

> **All Insurance Sales Agents employed by Defendant in Florida during the previous 3-years who worked more than 40 hours in a workweek and whose non-discretionary commissions were not included to compute the proper overtime wage premium.**

72. Plaintiff claims the applicable federal overtime wage rate for all of the unpaid hours over forty (40) that she worked during her employment period.

73. Defendant willfully and intentionally refused to pay Plaintiff federal overtime wages as required by the FLSA, as Defendant knew or should have known of the FLSA's overtime wage requirements. Defendant indicated its knowledge and awareness of wage and hour requirements but nevertheless refused to comply with these requirements.

74. Defendant's willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

75. Moreover, because of Defendant's willful and/or intentional violations of the FLSA, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

WHEREFORE, Plaintiff, PHELIPE CASTRO, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, MEDICARE DIRECT, LLC, and award Plaintiff: (a) unliquidated damages; (b) liquidated damages; (c) reasonable attorney's fees and costs; and any and all such further relief as may be deemed just and reasonable under the circumstances.

### DEMAND FOR JURY TRIAL

Plaintiff, PHELIPE CASTRO, demands a trial by jury on all appropriate claims on behalf of himself and all others similarly situated.

**Dated: January 24, 2023**

Respectfully Submitted,

| | |
|---|---|
| **USA EMPLOYMENT LAWYERS – JORDAN RICHARDS, PLLC** <br> 1800 SE 10th Ave, Suite 205 <br> Fort Lauderdale, Florida 33316 <br> Ph: (954) 871-0050 <br> *Co-Counsel for Plaintiff* <br><br> By: */s/ Jordan Richards* <br> JORDAN RICHARDS, ESQUIRE <br> Florida Bar No. 108372 <br> Jodan@jordanrichardspllc.com <br> Jake@jordanrichardspllc.com | **EGGNATZ PASCUCCI, P.A.** <br> 7450 Griffin Road, Suite 230 <br> Davie, Florida 33314 <br> Tel: (954) 889-3359 <br> *Co-counsel for Plaintiff* <br><br> By: */s/ Joshua H. Eggnatz* <br> JOSHUA H. EGGNATZ, ESQUIRE <br> Florida Bar No. 006726 <br> Jeggnatz@justiceearned.com |

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on January 24, 2023.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

### SERVICE LIST: